LAW OFFICES

# BRENNER, EVANS & MILLMAN, P.C.

THEODORE I. BRENNER
RONALD S. EVANS
JAY O. MILLMAN
MARY BENNETT MALVEAUX
ALEXANDER S. de WITT
THOMAS D. STOKES, III
JOEL W. MORGAN

411 EAST FRANKLIN STREET
SUITE 200
P. O. BOX 470
RICHMOND, VIRGINIA 23218-0470

TELEPHONE
804-644-1300

FACSIMILE
804-644-1354

May 18, 2010

Hon. Bevill M. Dean, Clerk
Circuit Court of the City of Richmond
John Marshall Courts Building
400 North Ninth Street
Richmond, VA 23219

RECEIVED & FILED
CIRCUIT COURT
MAY 18 2010
BEVILL M. DEAN, CLERK
BY_____ D.C.

Re:   Rose Abrams v. State Farm Fire and Casualty Company
      Case No. CL10-1801

Dear Mr. Dean:

On behalf of defendant State Farm Fire and Casualty Company, enclosed for filing please find the following:

1. Plea of Lack of Jurisdiction and/or Lack of Standing or, in the alternative, Motion to Stay;
2. Motion Craving Oyer;
3. Demurrer;
4. Answer.

Thank you for your assistance.

Very truly yours,

Alexander S. de Witt

Enclosures

cc:  Michael R. Talbert, Esq.

EXHIBIT B

**VIRGINIA:**

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

| | |
|---|---|
| ROSE ABRAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE FARM FIRE AND CASUALTY COMPANY )<br>)<br>Defendant. )<br>_____ ) | Case No. CL10-1801 |

RECEIVED & FILED
CIRCUIT COURT
MAY 18 2010
BEVILL M. DEAN, CLERK
BY_____

## PLEA OF LACK OF JURISDICTION AND/OR LACK OF STANDING OR, IN THE ALTERNATIVE, MOTION TO STAY

State Farm Fire and Casualty Company, by counsel, for its Plea of Lack of Jurisdiction and/or Lack of Standing or, in the alternative, Motion to Stay, states as follows:

1. The Plaintiff has filed a Complaint and "Motion for Declaratory Judgment" (hereafter "the Complaint"), requesting a judgment declaring that a certain automobile insurance policy issued to Leon Abrams does not prohibit intra-policy stacking of coverage, and therefore provides the plaintiff with $400,000 of stacked underinsured motorist coverage.

2. Under Virginia law, "[i]t must appear that there is an 'actual controversy' existing between the parties, based upon an 'actual antagonistic assertion and denial of right', before the application can be entertained and adjudication made." *City of Fairfax v. Shanklin*, 205 Va. 227, 229 (1964) (citations omitted). "The controversy must be one that is justiciable, that is, where specific adverse claims, based upon present rather than future or speculative facts, are ripe for judicial adjustment." *Id.* Virginia courts "are not constituted, and the declaratory judgment statute was not intended to vest them with authority, to render advisory opinions, to decide moot questions or to answer inquiries which are merely speculative." *Id.* at 229-30 (citations omitted).

3. Virginia law requires that "[i]f any action is instituted against the owner or operator of an uninsured or underinsured motor vehicle by any insured intending to rely on the uninsured or underinsured coverage provision or endorsement of this policy under which the insured is making a claim, then the insured shall serve a copy of the process upon this insurer in the manner prescribed by law, as though the insurer were a party defendant." Va. Code § 38.2-2206(F). The plaintiff has not complied with the statute.

4. In addition, under Virginia law, an insured is not legally entitled to uninsured or underinsured motorist coverage until the entry of a tort judgment against an uninsured or underinsured motorist. *See Midwest Mut. Ins. Co. v. Aetna Cas. and Sur. Co.*, 216 Va. 926, 929, 223 S.E.2d 901, 904 (1976) ("Judgment is the event which determines legal entitlement to recovery"). There has been no judgment entered in the tort action pending in this Court (Case No. CL09-4501) against the alleged underinsured motorist.

5. The Complaint fails to allege an actual, justiciable controversy between the parties sufficient to give this Court jurisdiction to render declaratory relief in this case. Similarly, the plaintiff lacks standing to bring this action against State Farm or to request this Court to render an advisory declaratory judgment or answer an inquiry which is merely speculative.

WHEREFORE, State Farm prays that this Court dismiss this action for lack of jurisdiction and/or lack of standing or, in the alternative, enter an Order staying this action pending the adjudication of the underlying tort case (Case No. CL09-4501); and for such other and further relief as this Court deems appropriate.

STATE FARM FIRE AND CASUALTY COMPANY

By Counsel

Date: May 18, 2010      By: _____
Alexander S. de Witt, VSB No. 42708
BRENNER, EVANS & MILLMAN, P.C.
411 East Franklin Street, Suite 200
P.O. Box 470
Richmond, VA 23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354

*ATTORNEYS FOR STATE FARM FIRE AND CASUALTY COMPANY*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2010, a true copy of the foregoing was delivered by first class U.S. mail, postage prepaid, to Michael R. Talbert, Esq., 2025 East Main Street, Suite 108, Richmond, VA 23223.

_____

3

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND**

ROSE ABRAMS, )
)
        **Plaintiff,** )
)
v. ) Case No. CL10-1801
)
STATE FARM FIRE AND CASUALTY COMPANY )
)
        **Defendant.** )
)

RECEIVED & FILED
CIRCUIT COURT
MAY 18 2010
BEVILL M. DEAN, CLERK
BY_____D.C.

## MOTION CRAVING OYER

State Farm Fire and Casualty Company, by counsel, for its Motion Craving Oyer, states as follows:

1. The Plaintiff has filed a Complaint and "Motion for Declaratory Judgment" (hereafter "the Complaint"), requesting a judgment declaring that a certain automobile insurance policy issued to Leon Abrams does not prohibit intra-policy stacking of coverage, and therefore provides the plaintiff with $400,000 of stacked underinsured motorist coverage.

2. The Plaintiff has failed to attach the automobile insurance policy mentioned in the Complaint, and should be required to file the insurance policy on which she relies.

3. The Plaintiff should be compelled to produce and file the automobile insurance policy which has been alleged and relied upon in the Complaint, as "[n]o intelligent construction of any writing or record can be made unless all of the essential parts of such paper or record are produced." *Culpeper Nat'l Bank v. Morris*, 168 Va. 379, 382, 191 S.E. 764, 765 (1937). "A litigant has no right to put blinders on the Court and attempt to restrict its vision to only such

parts of the record as the litigant thinks tend to support his view." 168 Va. at 382-83, 191 S.E. at 765.

4. Based on the allegations in this matter, the automobile insurance policy mentioned above is an essential part of the record which should be added to the record of this case and considered by the Court in determining whether the Plaintiff has alleged a cause of action warranting the requested declaratory relief.

5. State Farm respectfully moves this Court to grant its motion craving oyer and, in ruling on the Demurrer filed in conjunction with this motion, consider the facts alleged in the Complaint as amplified by the automobile insurance policy added to the record.[1]

WHEREFORE, State Farm respectfully prays that this Court grant its Motion Craving Oyer, and for such other and further relief as this Court deems appropriate.

Date: May 18, 2010

By: _____

STATE FARM FIRE AND CASUALTY COMPANY

Alexander S. de Witt, VSB No. 42708
BRENNER, EVANS & MILLMAN, P.C.
411 East Franklin Street, Suite 200
P.O. Box 470
Richmond, VA 23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354

*ATTORNEYS FOR STATE FARM FIRE AND CASUALTY COMPANY*

---

[1] When a demurrant's motion craving oyer has been granted, the Court in ruling on a demurrer may properly consider the facts alleged as amplified by any documents added to the record on the motion. *Ward's Equipment, Inc. v. New Holland N. America, Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997). These documents are properly considered in determining whether a valid cause of action has been pled. *Welding, Inc. v. Bland County Service Auth.*, 261 Va. 218, 227, n. 3, 541 S.E.2d 909, 914 n. 3 (2001); *Hechler Chevrolet v. General Motors Corp.*, 230 Va. 396, 398, 337 S.E.2d 744 (1985).

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2010, a true copy of the foregoing MOTION CRAVING OYER was delivered by first class U.S. mail, postage prepaid, to Michael R. Talbert, Esq., 2025 East Main Street, Suite 108, Richmond, VA 23223.

_____

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND**

| | |
|---|---|
| ROSE ABRAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE FARM FIRE AND CASUALTY COMPANY )<br>)<br>Defendant. )<br>_____) | Case No. CL10-1801 |

## DEMURRER

State Farm Fire and Casualty Company, by counsel, for its Demurrer to the Complaint and "Motion for Declaratory Judgment" (hereafter "the Complaint") previously filed herein by Plaintiff Rose Abrams, respectfully submits the following:

1. The Complaint fails to state a claim or cause of action for declaratory relief against State Farm Fire and Casualty Company, and further fails to state sufficient facts upon which the requested declaratory relief can be granted.

2. The Complaint fails to allege an actual, justiciable controversy between the parties sufficient to give this Court jurisdiction to render declaratory relief in this case.

3. In the event this Court determines that it does have jurisdiction to entertain and adjudicate this case, State Farm asserts that the automobile insurance policy mentioned in the Complaint clearly and unambiguously prohibits intra-policy stacking of uninsured / underinsured motorist coverage.

WHEREFORE, State Farm respectfully prays that this Court sustain its Demurrer and enter an Order dismissing the Complaint with prejudice; for an award of its costs; and for such other relief as this Court deems appropriate.

|  |  | STATE FARM FIRE AND CASUALTY COMPANY |
|---|---|---|
| Date: May 18, 2010 | By: | _____<br>Alexander S. de Witt, VSB No. 42708<br>BRENNER, EVANS & MILLMAN, P.C.<br>411 East Franklin Street, Suite 200<br>P.O. Box 470<br>Richmond, VA 23218-0470<br>Phone: (804) 644-1300<br>Fax: (804) 644-1354 |

*ATTORNEYS FOR STATE FARM FIRE AND CASUALTY COMPANY*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of May, 2010, a true copy of the foregoing DEMURRER was delivered by first class U.S. mail, postage prepaid, to Michael R. Talbert, Esq., 2025 East Main Street, Suite 108, Richmond, VA 23223.

_____

2

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND**

| | |
|---|---|
| ROSE ABRAMS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CL10-1801 |
| ) | |
| STATE FARM FIRE AND CASUALTY COMPANY ) | |
| ) | |
| **Defendant.** ) | |

## ANSWER

State Farm Fire and Casualty Company ("State Farm"), by counsel, subject to and without waiving the defenses raised in its Plea of Lack of Jurisdiction and/or Lack of Standing, Motion to Stay, Motion Craving Oyer, and Demurrer filed contemporaneously herewith, hereby answers the Complaint and "Motion for Declaratory Judgment" (hereafter "the Complaint") previously filed herein by Plaintiff Rose Abrams, as follows:

1. Paragraph 1 of the Complaint does not allege facts, as opposed to conclusions, to which a response is required.

2. The allegations in paragraph 2 of the Complaint ("plaintiff is a resident of the [city/county of] ...") are vague and confusing. As phrased, State Farm lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint.

3. In response to the allegations in paragraph 3 of the Complaint, State Farm is and has been at all times relevant hereto an insurance company incorporated under the laws of the

State of Illinois, with its principal place of business in Bloomington, Illinois. State Farm is licensed to do business, and is doing business, in the Commonwealth of Virginia.

4. In response to the allegations in paragraph 4 of the Complaint, State Farm admits that at on April 4, 2006, Leon Abrams was the named insured under a certain automobile insurance policy issued by State Farm. Further answering, the terms and conditions of said automobile insurance policy are self-explanatory, and any inconsistent allegations in paragraph 4 of the Complaint are hereby denied. State Farm lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4 of the Complaint.

5. The allegations in paragraph 5 of the Complaint are denied.

6. The allegations in paragraph 6 of the Complaint are denied.

7. The allegations in paragraph 7 of the Complaint are denied.

8. The allegations in paragraph 8 of the Complaint are denied.

9. Any allegations in the Complaint which have not been specifically admitted above are hereby denied.

10. State Farm will rely upon all properly provable defenses to this action, including lack of subject matter jurisdiction and/or lack of standing, and reserves its right to amend this Answer if at any time it is so advised.

WHEREFORE, State Farm respectfully prays that this Court enter an Order dismissing the Complaint with prejudice or, in the alternative, in the event this Court determines that it has jurisdiction to entertain and adjudicate this case, declaring that the language of the subject automobile insurance policy clearly and unambiguously prohibits intra-policy stacking of uninsured / underinsured motorist coverage; for an award of its costs; and for such other relief as this Court deems appropriate.

|  |  |  |
|---|---|---|
|  |  | STATE FARM FIRE AND CASUALTY COMPANY |
| Date: May 18, 2010 | By: | _____ |
|  |  | Alexander S. de Witt, VSB No. 42708 |
|  |  | BRENNER, EVANS & MILLMAN, P.C. |
|  |  | 411 East Franklin Street, Suite 200 |
|  |  | P.O. Box 470 |
|  |  | Richmond, VA 23218-0470 |
|  |  | Phone: (804) 644-1300 |
|  |  | Fax: (804) 644-1354 |

*ATTORNEYS FOR STATE FARM AND CASUALTY COMPANY*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2010, a true copy of the foregoing ANSWER was delivered by first class U.S. mail, postage prepaid, to Michael R. Talbert, Esq., 2025 East Main Street, Suite 108, Richmond, VA 23223.

_____

3